Filed 8/28/15  In re V.Y. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| In re V.Y., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br>       v. <br><br> V.Y., <br><br>     Defendant and Appellant. | G050861 <br><br> (Super. Ct. No. DL036834) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lewis W. Clapp, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

The sole issue in this appeal is whether a DNA match calculated at one in a trillion is evidence substantial enough to support a conviction beyond a reasonable doubt in a case of auto theft. The DNA in question was collected from the driver's side air bag after the vehicle was found crashed into a guardrail.

Appellant V.Y., who was a minor at the time of trial, appeals from his conviction for auto theft, based on this DNA evidence that he was the driver of the stolen vehicle. His conviction rests on substantial evidence, and we affirm it.

# FACTS

In July 2011, Heidi Cooper's Toyota truck was stolen from the driveway of her San Clemente home during the night. Cooper's upstairs neighbor testified that he saw someone drive the truck away at about one in the morning, but because of the darkness and his angle of vision, he could not see faces. He testified there were two people in the truck. It was found soon afterward crashed into a guardrail on the Pacific Coast Highway about two miles from Cooper's residence. The truck was a total loss.

When the truck was discovered by police, the air bags had deployed. The driver's side air bags were swabbed and tested for DNA. DNA collected from the front air bag matched appellant's DNA. More precisely, appellant's DNA "was not excluded" as the DNA found on the air bag. The State's expert testified that there was a one-in-a-trillion chance that the DNA belonged to someone other than appellant. The world's current human population is estimated to be seven billion.

The trial court was persuaded by the DNA evidence and found appellant guilty of violating Penal Code section 10851, subdivision (a), unlawful taking of a vehicle.[1]

---

[1] Because appellant was a minor, the case was tried to the court.

## DISCUSSION

The ultimate issue before the juvenile court was whether appellant was the person who stole Cooper's truck. Appellant challenges the sufficiency of the evidence supporting the court's conclusion that he was.

Appellant's argument on appeal is twofold.[2] First, he asserts that odds of another person having the same DNA profile as his – one in a trillion – make identifying him as the driver of the truck too close to call, even though there are not yet a trillion people on the planet. He does not contest the procedure used to arrive at this figure or any of the steps used to collect or process the DNA found at the scene of the crash.

We do not reweigh evidence on appeal. Instead we review "'"'the entire record in the light most favorable to the prosecution to determine whether in contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find [the elements of the crime] beyond a reasonable doubt.'"' [CitationS.]" (*In re George T.* (2004) 33 Cal.4th 620, 630.) "[A]n appellate court can only reject evidence accepted by the trier of fact when the evidence is inherently improbable and impossible of belief." (*People v. Xiong* (2013) 215 Cal.App.4th 1259, 1268.)

A one-in-a-trillion chance that somebody else's DNA came off the stolen truck's air bag strikes us as well within the sphere of "evidence that is reasonable, credible, and of solid value" supporting the juvenile court's conclusion that the DNA was the appellant's. (See *People v. Banks* (2014) 59 Cal.4th 1113, 1166 [1 in 17 million], overruled on other grounds, *People v. Scott* (2015) 61 Cal.4th 363; *People v. Brents* (2012) 53 Cal.4th 599, 604 [1 in 3,400]; *People v. Soto* (1999) 21 Cal.4th 512, 517 (*Soto*)

---

[2] In his reply brief, appellant makes an additional argument about the reliability of "cold-hit" DNA matches. There was no testimony at appellant's trial about a cold hit. His DNA was collected by means of a swab of the inside of his cheek. The DNA laboratory used this sample to determine the probability that someone other than appellant was the major contributor of the DNA on the air bag.

[1 in 189 million].)  It certainly is not evidence that is "inherently improbable and impossible of belief."

Appellant's second argument is that the DNA evidence is the sole piece of evidence tying him to the theft, and we cannot affirm a conviction based on DNA evidence alone, even if the DNA taken from the air bag was his.  He bases this argument on two California Supreme Court cases, *People v. Venegas* (1998) 18 Cal.4th 47 (*Venegas*) and *Soto, supra,* 21 Cal.4th 512.  Both *Venegas* and *Soto* dealt with the procedure used to determine a DNA match and specifically whether this procedure enjoyed general scientific acceptance.  (*Venegas, supra,* 18 Cal.4th at pp. 57-90; *Soto, supra,* 21 Cal.4th at pp. 519-541.)

Appellant cites a quotation from *Venegas*, repeated verbatim in *Soto*, that if the testing does not eliminate the suspect as the source of the DNA, "[t]he fact finder's determination of guilt may then turn on the degree of probability that the suspect was indeed the source of the sample.  That probability, however, will usually depend, not on the DNA findings alone, but on a combination of those findings together with other, non-DNA incriminating evidence."  (*Venegas, supra,* 18 Cal.4th at p. 63; *Soto, supra,* 21 Cal.4th at p. 523.)  From these two dicta, appellant derives a rule that DNA evidence standing alone can never support a conviction.

Appellant's argument suffers from at least three deficiencies.  First, the statements in both *Venegas* and *Soto* are dicta.  Neither case addressed what evidence, if any, would be required to supplement DNA evidence to secure a conviction.  Both were concerned with the process of creating this evidence, a process combining biochemistry and statistics, and its scientific underpinnings.  A case does not stand for a proposition it does not address.  (See *People v. Alvarez* (2002) 27 Cal.4th 1161, 1176.)

Second, neither *Venegas* nor *Soto* supports appellant's categorical conclusion.  Neither case said that the fact finder *always* had to have evidence other than DNA or that a conviction could *never* be based solely on DNA.

4

Finally, in this case, DNA was not the only evidence tying appellant to the vehicle theft. There was also the short period, less than two hours, between the time the truck was stolen (around 1 a.m.) and the time of the crash (sometime before 3 a.m., when police notified Cooper that the truck had been found on PCH). This short time period, in addition to the time of day, makes it quite unlikely that thieves handed the vehicle off to appellant between the theft and the crash. It is more reasonable to conclude that appellant was involved in the theft. Either the air bag deployed when the crash occurred or, possibly, it deployed because of a defect while the truck was being driven and caused the crash. Either way, DNA found on the air bag would have to come from the person who was driving when it deployed. Until something sets it off, an air bag is inaccessible once it has been installed, and there was no evidence appellant was ever employed in the manufacture of airbags or automobiles.

DNA evidence placed appellant in the truck, where he had no reason to be unless he had stolen it, shortly after it was stolen and shortly before it was found wrecked on the highway. The conviction rests on substantial evidence.

## DISPOSITION

The judgment is affirmed.

BEDSWORTH, J.

WE CONCUR:

O'LEARY, P. J.

RYLAARSDAM, J.